IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIN K., a minor Individually and by and through her parents John K. and Beth K., | ) ) ) ) | |
| Plaintiffs, | ) ) | Wayne R. Andersen District Judge |
| v. | ) ) ) | Case No. 08 C 6997 |
| NAPERVILLE SCHOOL DISTRICT NO. 203, DR. ALAN LEIS, in his official capacity as Superintendent of District 203, THE ILLINOIS STATE BOARD OF EDUCATION (ISBE) and CHRIS KOCH, in his official capacity as Superintendent of the ISBE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause of action arises from the efforts of plaintiffs John K. and Beth K. to seek relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 *et seq.*, and the Illinois School Code for alleged violations of their daughter Erin's right to a free appropriate public education. This case comes to us on appeal of the Hearing Officer's decision granting defendants' motion to dismiss plaintiffs' due process complaint at the administrative level. The parties have filed cross-motions for summary judgment. For the following reasons, plaintiffs' cross motion for summary judgment [37] is granted in part and denied in part, and defendants' cross-motion for summary judgment [39] is denied.

## BACKGROUND

During the 2006-2007 school year, Erin K. was a student residing in Naperville School District 203. Pursuant to an Individualized Education Plan ("IEP"), Erin attended Glen Oaks Therapeutic Day School. On April 15, 2007 after a hospitalization, Erin was placed by her parents at Heritage Residential Treatment Center in Provo, Utah. Heritage is a residential school that provides 24 hours a day, seven days a week services to children with mental and emotional disorders. On April 18, 2007, Erin's parents sent a letter to School District 203 regarding Erin's placement at the Heritage School and their intent to seek reimbursement. The District did not object to the placement and funded the educational and therapeutic components of Erin's program at Heritage. The School District, however, did not pay for the residential portion of the program. Erin's parents now dispute that decision.

On January 10, 2008, Erin's parents filed a due process complaint against Naperville School District 203 alleging several ways in which the District failed to provide Erin with a free appropriate public education, including, among other claims, that the District failed to provide Erin with placement in a residential educational facility. The parties held a resolution session to address the Parents' complaint on January 25, 2008. At that meeting, the School District agreed to recommend a residential placement for Erin pending ISBE approval. ISBE approved the residential placement application on February 13, 2008, and the School District assumed responsibility for the residential component of Heritage as of that day. According to the District, it did not learn of that Erin's parents were seeking retroactive reimbursement until the resolution session on January 25, 2008.

The School District subsequently filed a motion to dismiss the Parents' due process complaint on May 12, 2008. The District argued that the complaint should be dismissed because

the relief requested had been granted – *i.e.*, the District had agreed to fund the residential portion of Erin's placement at Heritage at the resolution session. The School District also argued that the Parents failed to raise the issue of retroactive reimbursement in their due process complaint and, therefore, are precluded under the IDEA from raising the issue at an administrative hearing. The District also argued that the Parents unilaterally placed Erin at Heritage and failed to provide the District with prior written notice of their decision as specified by the IDEA, 20 U.S.C. § 1412(a)1(10)(C)(iii), and, therefore, are precluded from receiving retroactive reimbursement.

The Hearing Officer ultimately found that the Parents failed to provide the District with prior written notice of their intent to place Erin at the Heritage School and concluded that the Parents are precluded, as a matter of law, from seeking retroactive reimbursement for the residential costs from April 15, 2007 to February 13, 2008. Erin's parents have appealed the Hearing Officer's decision.

## DISCUSSION

Although both parties submit various arguments to the court, many of which are not properly before us, in support of their cross-motions for summary judgment, the only issue we must decide is whether or not the Hearing Officer properly granted the School District's motion to dismiss and dismissed Erin's parents' due process complaint without permitting any discovery and conducting a full hearing. The standard of review in IDEA actions has been characterized as modified de novo review. *See Board of Education of Hendrick Hudson Central School Dist. v. Rowley*, 458 U.S. 176, 206 (1982). The reviewing court makes an "independent decision [ ] based on the preponderance of the evidence." *Id.* at 205.

The starting point for analyzing whether the Parents provided the School District with sufficient notice of their intent to place Erin at a residential facility in order to qualify for reimbursement begins with the IDEA itself. The IDEA provides, in relevant part, that if the parents of a child with a disability, who previously received special education or related services, enroll the child in a private school without the consent of or referral by the public agency, *i.e.*, the School District in this case, a court or hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made a free appropriate public education available to the child in a timely manner prior to that enrollment. *See* 20 U.S.C. § 1412(a)(10)(C)(ii). However, reimbursement for a parent's unilateral placement of a child in a private school facility may be reduced or denied:

> (I) if –
>
> (aa) at the most recent IEP meeting that the parents attended prior to removal of the child from the public school, the parents did not inform the IEP Team that they were rejecting the placement proposed by the public agency to provide a free appropriate education to their child, including stating their concerns and their intent to enroll their child in a private school at public expense; or
>
> (bb) 10 business days . . . prior to the removal of the child from the public school, the parents did not give written notice to the public agency of the information described in item (aa).

20 U.S.C § 1412(a)(10)(C)(iii). It is not disputed that the Parents did not inform the School District that they were rejecting Erin's proposed placement at the last IEP meeting on November 7, 2006 prior to her placement at Heritage. It also is not disputed that the Parents did not provide written notice 10 business days prior to removing Erin from Glen Oaks and enrolling her at Heritage. However, the Parents do allege that the School District had knowledge of and

4

notice of their intent to enroll Erin in a residential program, and in fact, the Parents claim the School District provided suggestions about which programs the Parents should consider.

The question is, as a matter of law, whether some form of constructive notice with subsequent, albeit late, written notice is sufficient to qualify as notice in order to request reimbursement – either the full or a reduced amount. In order to survive a motion to dismiss, a complaint must be construed in a light favorable to the plaintiff, and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As a threshold matter, the School District points out that the Parents did not expressly include a request for retroactive reimbursement in their due process complaint. Rather, the Parents' request became known at the resolution session between the Parents and the District which occurred on January 25, 2008 in response to the filing of the complaint. The Hearing Officer acknowledged that the Parents failed to expressly include a request for retroactive reimbursement in their due process complaint. AR at 5. However, the Hearing Officer did not rely on this as a basis for dismissal. AR at 5. The Hearing Officer correctly pointed out that the IDEA allows a party to amend a complaint if the hearing officer grants permission, *see* 34 C.F.R. § 300.508(d)(e), and the Hearing Officer indicated that she would have permitted the Parents to amend their complaint if she thought it would cure the defect. AR at 5. Because the Hearing Officer concluded that amending the complaint would not cure the defect, the Parents were not given the opportunity to amend. The Hearing Officer ultimately found that the Parents failed to

5

provide the District with prior written notice of their intent to place Erin at the Heritage School and concluded that the Parents are precluded as a matter of law from seeking retroactive reimbursement for the residential costs from April 15, 2007 to February 13, 2008. AR at 5-7. We disagree.

Considering the Parents' due process complaint in a light favorable to them, this court concludes that the Hearing Officer erred in granting the School District's motion to dismiss as a matter of law. In a letter which identifies and outlines their dispute and is attached to the due process complaint, Erin's parents specifically state that they contacted the School District after Erin was hospitalized. The Parents allege:

> When we contacted the School District, they said an IEP meeting was not necessary but agreed they would pay for the educational and therapeutic costs of a Residential program and even provided suggestions on residential programs that they thought would be appropriate for Erin based on their knowledge of her needs.

AR at 150. The School District clearly had some notice of the fact that the Parents intended to place Erin in a residential facility well before she was placed at Heritage. Erin was placed at Heritage on April 15, 2007. Then, on April 18, 2007, the Parents sent written notice to the School District about Erin's placement at Heritage. AR at 156. In that letter, the Parents stated that Mary Jane Evans, the School District's Special Education Director, was notified by telephone on March 12 of their intent to place Erin in a residential treatment center and that in several phone conferences throughout that next week, Ms. Evans informed the Parents about the guidelines for seeking an ISBE approved facility. AR at 156.

In their letter, the Parents also state that they intend to seek reimbursement of costs for their daughter's placement at Heritage. The letter specifically states: "We [the Parents] will

6

seek reimbursement of costs for that nonpublic facility from your district." AR at 156. The letter further states: "[T]he District should pay the education and therapeutic costs of the residential program since her current IEP pays those same costs for her to be at a Therapeutic Day School Program." AR at 156.

In her Decision and Order, the Hearing Officer concluded that the parents' "failure to provide prior written notice precludes the Parents from seeking retroactive reimbursement." AR at 6. We disagree. Another district court recently considered whether a reimbursement request must be denied for failure to provide the required written notice 10 days prior to the placement or whether a reimbursement request may be allowed but reduced for failure to satisfy the statutory requirements depending on the circumstances of the request. *See Ashland School Dist. v. Parents of Student E.H.*, 583 F. Supp. 2d 1220 (D. Oregon 2008). That court recognized that "Congress could not foresee and prescribe for every situation, and did not attempt to do so." *Id.* at 1226. We agree. The court explained:

> Section 1412(a)(10)(C)(iii) provides that "[t]he cost of reimbursement described in clause (ii) may be reduced or denied" if certain specified events occur (or do not occur). Use of the word "may" rather than "shall" denoted that this denial or reduction is discretionary. The words "reduced or denied" also signify discretion. Congress did not prescribe whether reimbursement is to be denied entirely or just reduced and, if reduced, by what amount. Rather, if the parents failed to comply with the notice requirement, the state hearing officer or reviewing court may fashion an equitable result after considering all of the circumstances. That Congress left some discretion to the decision maker is understandable, given the remedial purpose of the IDEA and myriad of factual circumstances that arise under the IDEA.

*Id.* The court recognized that section 1412(a)(10)(C)(iii) provides that reimbursement may be reduced if proper notice was not given. It is not an automatic denial, as a mater of law, as the

7

Hearing Officer concluded in this case. Rather, a hearing officer is permitted to consider all of the circumstances and then fashion an equitable result based on his or her discretion. *Id.*

The Hearing Officer further held that even if the letter had been timely "it still would have been deficient because it did not request reimbursement for the residential portion of the placement." AR at 6. The Hearing Officer concluded that the Parents "expressly limited" their request to the education and therapeutic costs only. AR at 6. Again, we disagree.

The Parents plainly stated in their April 18, 2007 letter that they "will seek reimbursement of costs for that nonpublic facility from your district." AR at 156. Later in the letter, the Parents stated that "the District should pay the education and therapeutic costs of the residential program since her current IEP pays those same costs for her to be at a Therapeutic Day School Program." AR at 156. Although this assertion does not include a request payment for the residential portion, the previous statement is a request without limitation for reimbursement of the costs for Erin to attend Heritage. This court finds that, taken as a whole, the message of the letter is that the Parents were informing the School District that they had placed Erin at Heritage and that they intended to seek full reimbursement on the costs of that school.

The Hearing Officer here did not consider the facts in a light most favorable to the Parents and dismissed the Parents' due process complaint prematurely. The Parents' are ordered to re-submit their due process complaint to the Illinois State Board of Education for a hearing on the merits. The Hearing Officer will have to consider what the School District knew and when it had notice of the Parents' intent to enroll Erin at Heritage. Ultimately, the Hearing Officer will

have to decide whether the Parents' claim still should be denied in its entirety or whether circumstances dictate that the Parents' request for reimbursement should instead be reduced.

## CONCLUSION

For all of the reasons stated in the court's Memorandum, Opinion and Order, plaintiffs' motion for summary judgment [37] is granted in part and denied in part, and defendants' cross-motion for summary judgment [39] is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: October 6, 2009